**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jerry Lynn Tucker, III,

Plaintiff,

v.

Altisource,[1]

Defendant.

Case No. 24-10794

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

________________________________/

**OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [17]**

Plaintiff Jerry Lynn Tucker, III, filed the complaint in this case on March 28, 2024. (ECF No. 1.) In his complaint, Plaintiff claims that he has ownership of a property in Detroit. (*Id.*)

Documents mailed to Plaintiff have been returned to the Court as undeliverable. (*See* ECF Nos. 16, 20.) These documents were mailed to the address identified by Plaintiff in the complaint and subsequent filings: 18336 Avon, Detroit, MI 48219. (ECF No. 1, PageID.1, 3; ECF No.

---

[1] Defendant states that it is incorrectly named as Altisource, and should be referred to as Altisource Solutions, Inc. (ECF No. 17, PageID.47.)

12, PageID.30, 35.) On June 27, 2024, the Court ordered Plaintiff to submit a written notice that contains his current address by July 10, 2024. (ECF No. 21.) In the order, the Court warned Plaintiff that "[i]f Plaintiff fails to comply with th[e] order, the case may be dismissed for failure to abide by Eastern District of Michigan Local Rule 11.2 and/or for failure to prosecute under Eastern District of Michigan Local Rule 41.2." (*Id.* at PageID.82.)

As of this date, Plaintiff has not yet responded to the Court's Order.

The Court dismisses this case without prejudice due to Plaintiff's failure to comply with the Court's order, his failure to prosecute the case, and his failure to indicate his current address. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962). Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at *2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024). "A Rule 41(b)

dismissal is an appropriate sanction for a pro se litigant's failure to provide the court with information regarding his current address." *Rogers v. Ryan*, No. CV 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a

reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiff did not submit a written notice that contains his current address, nor has he responded in any way. "Although his conduct does not establish bad faith, it nevertheless shows willfulness and fault in that he was at best extremely dilatory in not pursuing his claim[s], which indicates an intention to let his case lapse." *Schafer*, 529 F.3d at 739.

The second factor also favors dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alteration in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). Here, Defendant was prejudiced by Plaintiff's conduct. Defendant began litigating the case and filed a motion to dismiss. (ECF No. 17.) As of this date, Plaintiff did not respond to Defendant's motion to dismiss.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when

determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Court previously warned Plaintiff about the possibility of dismissal if he failed to comply with the June 27, 2024 order. (ECF No. 21.)

The fourth factor also favors dismissal because the Court considered lesser sanctions prior to this dismissal order. The Court issued an order regarding Plaintiff's contact information, and the Court gave Plaintiff ample time to correct the deficiencies identified in that order.

The Court therefore concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's order, for want of prosecution, and due to Plaintiff's failure to indicate his current address. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2, 41.2.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE. Defendant's motion to dismiss (ECF No. 17) is DENIED as MOOT.

IT IS SO ORDERED.

Dated: July 22, 2024
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 22, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager